COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


MARTHA BLOWE-MELTON
                                        MEMORANDUM OPINION*
v.    Record No. 1579-01-1                 PER CURIAM
                                        OCTOBER 23, 2001
CITY OF PORTSMOUTH AND
 CITY OF PORTSMOUTH/COMPMANAGMENT, INC.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Martha Blowe-Melton, pro se, on brief).

              No brief for appellees.


      Martha Blowe-Melton (claimant) contends that the Workers'

Compensation Commission erred in finding that (1) it was barred

by the applicable statute of limitations contained in Code

§ 65.2-708 from considering claimant's request filed on March

19, 2001 for a "change in condition review"; and (2) claimant

was barred from seeking review of the commission's February 9,

1996 opinion in that the time for filing an appeal with this

Court had expired.[1]  Upon reviewing the record and claimant's

---

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

      [1] In her brief, claimant's arguments appear to pertain to
the merits of her original claim for injuries related to her
August 16, 1994 accident.  We will not address these arguments,
but rather, will address the rulings of the commission rendered
in its June 8, 2001 opinion, from which claimant appealed to
this Court.

brief, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

On August 16, 1994, claimant sustained a compensable injury by accident. On November 17, 1994, claimant filed a Claim for Benefits seeking wage loss benefits and medical benefits as a result of cuts and shoulder and lower back injuries she received in the accident. The deputy commissioner held a hearing on June 28, 1995 on claimant's claim. On August 28, 1995, the deputy commissioner issued an opinion awarding claimant medical expenses for treatment of her cuts, but denying her compensation for a shoulder or back injury. In a February 9, 1996 opinion, the full commission affirmed the deputy commissioner's decision.

On May 7, 1996, this Court entered an order dismissing claimant's appeal of the commission's February 9, 1996 opinion because claimant failed to timely file a notice of appeal with the clerk of the commission.

On March 6, 2001, claimant filed a claim for benefits alleging neck, shoulder and lower back injuries, as well as headaches, resulting from the August 16, 1994 injury by accident. The commission informed claimant that she had exhausted all of her remedies with the commission in regard to additional injuries stemming from the 1994 accident or any wage loss.

On March 19, 2001, claimant filed a letter with the commission in which she requested a "change in condition review." Claimant again sought benefits for neck, shoulder and lower back injuries, as well as headaches, related to the August 16, 1994 injury by accident. Claimant contended that she was not requesting compensation for additional injuries as a result of the August 16, 1994 accident, but that she was asking for a review of the claim that was denied.

In dismissing claimant's March 19, 2001 claim, the commission found as follows:

> [W]e reiterate the consistent statements previously made to the claimant that she has exhausted her remedies with the Virginia Workers' Compensation Commission. She cannot file a change in condition claim because such a claim is barred by the statute of limitations. She cannot seek a review of the Full Commission Opinion because the time for petitioning the Court of Appeals expired 30 days subsequent to the Full Commission's issuance of its Opinion on February 9, 1996.

Code § 65.2-708(A) with respect to the review of an award on a change in condition provides that "[n]o such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this title," with certain exceptions not applicable to this case. Code § 65.2-708(B) provides that "where no compensation has been paid, the Commission may make an award under § 65.2-503

[applicable to permanent total and permanent partial disability] within thirty-six months from the date of the accident."

Claimant's March 19, 2001 letter, if considered a change-in-condition application, was filed more than thirty-six months after the August 16, 1994 accident. Therefore, the commission did not err in concluding that "in applying both the definition of change in condition in Va. Code Ann. § 65.2-101 and the statute of limitations found in Va. Code Ann. § 65.2-708, we find that the claimant is not entitled to file a claim on the grounds of a change in condition."

Furthermore, pursuant to Code § 65.2-706 any appeal from a full commission opinion to this Court must be made within thirty days. Claimant did not successfully complete the appellate process with respect to the full commission's February 9, 1996 opinion. Her appeal was dismissed by this Court on May 7, 1996. Thus, the commission did not err in finding that "the 1996 Opinion of the Full Commission remains in effect and can no longer be reviewed."

For these reasons, we affirm the commission's decision.

Affirmed.